## COMMONWEALTH *vs.* ZACHARIAH B. PORTER.

One who makes three or more sales of intoxicating liquor in violation of *St.* 1852, *c.* 322, § 7, may be prosecuted on that section for the several sales, instead of being prosecuted on § 12 for being a common seller.

COMPLAINT to the police court of Cambridge, charging the defendant, in eighteen counts, with making as many sales of intoxicating liquors on the 8th of February 1854, in violation of *St.* 1852, *c.* 322, § 7. At the trial in the court of common pleas, the defendant objected that, as the complaint charged him with making a greater number of sales than was necessary to make him liable as a common seller, he should have been charged, in form, as such, and should not be held to answer to this complaint. But *Bishop,* J. overruled the objection; and the defendant, being convicted on all the counts, alleged exceptions.

*J. G. Abbott,* for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

METCALF, J. The single ground taken by the defendant is, that he ought to have been acquitted, because the evidence showed that he was guilty of a higher offence than those with which he was charged; namely, that of being a common seller, in which offence those complained of were merged. Whether, by the common law, and without reference to § 7 of *St.* 1852, *c.* 322, this would be so, we need not inquire; for although, by § 12 of that statute, a common seller is subjected to a much greater punishment than is prescribed for single sales, and although three several sales are made sufficient to constitute a common seller, yet it is enacted in § 7, that " two *or more* acts of violation of the provisions of this section " [which prescribes the penalty for single sales] " may be alleged in the same complaint or indictment, and be tried at the same time; and conviction thereon, or on any of them, shall operate upon the defendants in the same manner as if the actions had been upon separate complaints, and the convictions had at separate trials." This

provision is conclusive against the validity of these exceptions
See *Tuttle* v. *Commonwealth*, 2 Gray, 505.

*Exceptions overruled.*